UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| HAROLD JENKINS, *et al*., | Case No. 3:22-cv-00156-MMD-CLB |
| Plaintiffs, | ORDER |
| v. | |
| KELLAR WILLIAMS GROUP ONE, INC., *et al*., | |
| Defendants. | |

*Pro se* Plaintiffs Harold Jenkins and Jennifer Provencher bring this action against Defendants Kellar Williams Group One, Inc., Renton Yu, Kellar Williams, and Soo-Young Yu. (ECF No. 1-1). Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 5), recommending the Court grant Jenkins's application to proceed *in forma pauperis* (ECF No. 4 ("IFP Application")), and dismiss the Complaint (ECF No. 1-1) without prejudice. Plaintiffs had until May 16, 2022, to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will grant the IFP Application and dismiss the action without prejudice.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory

1   Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no

2   clear error on the face of the record in order to accept the recommendation.").

3           Because there is no objection, the Court need not conduct de novo review, and is

4   satisfied Judge Baldwin did not clearly err. To start, the Court finds that Judge Baldwin

5   correctly concluded that Jenkins's IFP Application shows he is unable to pay the filing

6   fee. (ECF Nos. 4, 5 at 1-2.) *See* 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122,

7   1129 (9th Cir. 2000) (en banc). Next, Judge Baldwin correctly found that the Complaint

8   should be dismissed without prejudice for lack of subject matter jurisdiction. (ECF No. 5

9   at 4-6.) The Court does not have federal question jurisdiction over the case since Plaintiffs

10  only assert state law claims in the Complaint, or diversity jurisdiction since Plaintiffs and

11  Defendants are all citizens of Nevada. (ECF No. 1-1.) *See* 28 U.S.C. §§ 1331, 1332;

12  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because the Court does not have

13  original jurisdiction, the Court will not exercise supplemental jurisdiction over the state-

14  law claims. *See* 28 U.S.C. § 1367. The Court therefore agrees with Judge Baldwin and

15  will grant the IFP Application and dismiss the case.

16          It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF

17  No. 5) is accepted and adopted in full.

18          It is further ordered that Jenkins's application to proceed *in forma pauperis* (ECF

19  No. 4) is granted.

20          It is further ordered that this action is dismissed without prejudice for lack of subject

21  matter jurisdiction.

22          The Clerk of Court is directed to file the Complaint (ECF No. 1-1).

23          The Clerk of Court is directed to enter judgment accordingly and close this case.

24          DATED THIS 23rd Day of May 2022.

25

26

27          _____
            MIRANDA M. DU

28          CHIEF UNITED STATES DISTRICT JUDGE

2